UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT CROOMS** | **DOCKET NO. 6:25-cv-0085**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BOSTON'S BEST** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Robert Crooms, who is proceeding *pro se* and *in forma pauperis* in this matter. Crooms is currently in the custody of the Louisiana Department of Corrections and is incarcerated at the Vermilion Parish Jail. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.  BACKGROUND

In the instant complaint, Crooms names as the sole defendant Boston's Best, the provider of coffee sold in the commissary at the Vermilion Parish Jail. Crooms alleges that the Vermilion Parish Jail purchased two orders from Boston's Best in October and November 2024. He complains that he purchased two bags during two separate transactions and the quality and taste of each bag differed. (Rec. Doc. 1, p. 3). The quality and taste of the second bag "plundered and expectation was at a loss." *Id.* Crooms seeks monetary compensation in the amount of $6,850.00 to compensate him for pain and suffering and stress. *Id.* at p. 4.

### II.  LAW AND ANALYSIS

#### A. *Frivolity Review*

Crooms has been granted leave to proceed *in forma pauperis* in this matter[1]. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the

---

[1] The Court notes that the record will reflect that Crooms has been assessed "three strikes" pursuant to 28 U.S.C. § 1915(g). *See Crooms v. Burton*, Civil Action No. 6:25-cv-00062, (Rec. Doc. 5). However, only two of these strikes occurred prior to the filing of the instant action. Revocation of IFP status is not appropriate for post-filing strikes. *See Lopez v. U.S. Dep't of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) ("The statute does not authorize courts to revoke in forma pauperis status if a prisoner later earns a third strike."); *see also Young v. Kelly*, 2020 WL 8571662, at *4 (E.D. La. Dec. 21, 2020) (discussing post-filing strikes and determining that revocation of IFP status for a later received strike would not be in line with the language of §1915(g)); *see also* 28 U.S.C. § 1915(g). Therefore, Crooms was permitted to continue to proceed with IFP status in this matter but should note that he is no longer permitted to proceed with IFP status going forward, unless he is under imminent danger of serious physical injury.

defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Application

Boston's Best is a non-state actor and, therefore, not subject to suit under Section 1983 conduct unless Crooms can show its conduct is "fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Crooms' complaint fails to establish Boston's Best's liability as a non-state actor. Moreover, inmates have no constitutional right of access to a prison gift or snack shop. *Recio v. Garcia*, 2015 U.S. Dist. LEXIS 170547, at *4 (N.D. Tex. Dec. 21, 2015) (citing *Tokar v. Armontrout,* 97 F.3d 1078, 1083 (8th Cir. 1996)).   Therefore, Crooms' complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff Robert Crooms' civil rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 21st day of March, 2025.

_____
David J. Ayo
United States Magistrate Judge